UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* MEDICAL BILL CONSULTANTS, LLC and JODIE COHEN,<br><br>　　　　　　　　　　Plaintiff/Relators,<br><br>-against-<br><br>ANTON FRY, M.D. AND CPC ASSOCIATES INC.,<br>　　　　　　　　　　Defendants. | COMPLAINT<br><br>Civil Action No.<br><br>**FILED *IN CAMERA* AND UNDER SEAL PURSUANT TO 31 U.S.C. § 3730(b)** |

Plaintiff, the United States of America *ex rel.* Medical Bill Consultants, LLC and Jodie Cohen by and through relators' attorneys, Sadowski Fischer PLLC and Law Offices of Andrew O'Toole LLC, allege for their *qui tam* complaint as follows:

## PRELIMINARY STATEMENT AND NATURE OF THE ACTION

1. This is a civil action brought by relators Medical Bill Consultants, LLC and Jodie Cohen ("Relators") on behalf of the United States of America ("United States") against Anton Fry, M.D. and CPC Associates Inc. (collectively "Defendants") under 31 U.S.C. §§ 3729 *et seq.* (the "Federal False Claims Act") to recover damages sustained by, and penalties owed to, the United States for billing Medicare for services not rendered and having knowingly presented or caused to be presented to Medicare false claims for the payment of funds.

2. These claims are based on Defendants' submission of false and fraudulent claims to the Government for reimbursement for services that were not provided. Dr. Fry and his practice, CPC Associates, Inc., unlawfully billed the Government for psychiatric services. Dr. Fry failed to actually meet his patients in person to provide the required

services. Rather, he spoke briefly on the phone with his patients, and then unlawfully billed for a psychiatric consult.

## JURISDICTION AND VENUE

3.   This Court has jurisdiction over the claims brought under the False Claims Act pursuant to 31 U.S.C. § 3730(a), 28 U.S.C. §§ 1331, 1345, and 1367.

4.   Venue lies in this District pursuant to 31 U.S.C. § 3732(a), and 28 U.S.C. §§ 1391(b) and 1391(c), because Defendants do business in this District, and because many of the acts complained of herein took place in this District.

5.   This suit is not based upon prior public disclosures of allegations or transactions in a criminal, civil, or administrative hearing, lawsuit or investigation or in a Government Accounting Office or Auditor General's report, hearing, audit, or investigation, or from the news media.

6.   To the extent that there has been a public disclosure, the Relator are original sources under 31 U.S.C. §3730(e)(4). They have direct and independent knowledge of the information on which the allegations are based and voluntarily provided the information to the Government before filing an action under this section, which is based on the information.

## PARTIES

7.   Plaintiff is the United States of America, on behalf of its agencies the United States Department of Health and Human Services ("HHS") and the Centers for Medicare and Medicaid Services ("CMS").

8.   Relator Jodie Cohen is a Medicare beneficiary who is a former patient of Defendants.

9.  Relator Medical Bill Consultants, LLC is Connecticut company, which reviewed Ms. Cohen's Explanation of Benefits.

10. Defendant Anton Fry, M.D. is a psychiatrist who founded the psychiatry practice Defendant CPC Associates, Inc., which he operates out of Danbury Connecticut, where its offices are located. Defendants are enrolled in Medicare and bill the Government for service provided to their Medicare patients.

11. THE LAW

**The Federal False Claims Act**

12. The False Claims Act, as amended, provides, in pertinent part, that:

> [A]ny person who (A) knowingly presents, or causes to be presented a false or fraudulent claim for payment or approval; B) knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim . . . is liable to the United States Government for a civil penalty of not less than [$5,500] and not more than [$11,000]… plus 3 times the amount of damages which the Government sustains because of the act of that person.

**Medicare**

13. Medicare is a federal government-funded medical assistance program, primarily benefitting the elderly and the disabled, which was established in 1965 by Title XVIII of the Social Security Act. *See* 42 U.S.C. §§ 1395 *et seq.* Medicare is administered by the federal Centers for Medicare and Medicaid Services ("CMS"), and formerly known as the Health Care Financing Administration ("HCFA"), which is a division of the U.S. Department of Health and Human Services ("HHS").

14. Part A of the Medicare Program provides federal payment for patient institutional care, including hospital, skilled nursing facility, and home healthcare. *See* 42 U.S.C. §§ 1395c-1395i-4. Part B of the Medicare Program provides supplemental

insurance coverage for medical and other services that are not covered by Part A. 42 U.S.C. §§ 1395j-1395w-4.

15. Under Part B of the Medicare Program, CMS makes payments to health care providers for outpatient services after the services are rendered. Medicare enters into provider agreements with health care providers and physicians that govern the health care provider's participation in the program. Under Medicare, reimbursement is prohibited if the item or service is not "reasonable and necessary for the diagnosis and treatment of illness or injury ...." 42 U.S.C. § 1395y(a)(1)(A).

16. Mental health services such as outpatient psychiatric services are reimbursed by Medicare. Such services can only be provided in person by the doctor, absent a very limited exception for certain providers in rural areas, where the services qualify as telehealth services and they are provided via a live video and audio feed. Talking on the phone to a patient is never separately billable to Medicare and does not amount to a billable patient visit.

17. Every Medicare enrollment application contains a "Certification Statement" that must be signed by an appointed official of the provider, such as its chief executive officer. The appointed official is required to certify, in pertinent part, that:

> I agree to abide by the Medicare laws, regulations and program instructions that apply to this supplier. The Medicare laws, regulations, and program instructions are available through the Medicare contractor. I understand that payment of a claim by Medicare is conditioned upon the claim and the underlying transaction complying with such laws, regulations, and program instructions (including, but not limited to, the Federal anti-kickback statute and the Stark law), and on the supplier's compliance with all applicable conditions of participation in Medicare.

CMS Form 855B.

18. Defendants were required to and did submit a Medicare enrollment application to CMS, and Dr. Fry signed the Certification Statement contained in the application.

## THE FACTS

19. Defendants provide a variety of psychiatric services for Medicare patients for which they bill Medicare.

20. Defendants are not eligible for reimbursement for, nor do they provide, telemedicine services.

21. Defendants routinely billed Medicare for psychiatric services provided to patients whom Dr. Fry or any other physician member of the practice neither examined nor met in person. Rather, he regularly and as a matter of practice, spoke briefly to those patients on the telephone.

22. For example, Defendants routinely billed for examination services purportedly provided Relator Jodie Cohen, who no longer even resides in Connecticut nor travels to Defendants' office for appointments.

23. Dr. Fry billed Medicare for services he purportedly provided on October 2, 2012 to Jodie Cohen. He billed twice under the CPT code 90801, listed on the Explanation of Benefits as "Psychiatric Diagnostic Interview Examination." He received $127.93 from Medicare for each claim, totaling $255.86. However, Dr. Fry never saw Ms. Cohen in person. Rather, Ms. Cohen spoke on the telephone with Dr. Fry for no more than five minutes.

24. Dr. Fry billed Medicare on December 24, 2012, for services he purportedly provided on December 18, 2012 to Ms. Cohen. He billed under the CPT

code 90862, listed on the Explanation of Benefits as "Pharmacologic Management, Including Prescription, Use, And Review of Medication With No More Than Minimal Medical Psychotherapy." He received $37.05 from Medicare. However, Dr. Fry never saw Ms. Cohen in person. Rather, Ms. Cohen spoke on the telephone with Dr. Fry for no more than five minutes.

25.     Dr. Fry billed Medicare on March 26, 2013, and received $49.86 on June 18, 2013 for services he purported to provide to Ms. Cohen on March 19, 2013. Dr. Fry used the CPT code 99214, described on the Explanation of Benefits as "Established Patient Office or Other Outpatient, Visit Typically 25 minutes." However, Dr. Fry never saw Ms. Cohen in person. Rather, Ms. Cohen spoke on the telephone with Dr. Fry for no more than five minutes.

26.     Dr. Fry billed Medicare on August 13, 2013, and received $73.01 for services he purported to provide to Ms. Cohen on August 6, 2013. Dr. Fry used the CPT code 99213, described on the Explanation of Benefits as "Established Patient Office or Other Outpatient, Visit Typically 15 minutes." However, Dr. Fry never saw Ms. Cohen in person. Rather, Ms. Cohen spoke on the telephone with Dr. Fry for no more than five minutes.

27.     Dr. Fry billed Medicare on November 4, 2013, and received $73.01 for services he purported to provide to Ms. Cohen on October 24, 2013. Dr. Fry used the CPT code 99214, described on the Explanation of Benefits as "Established Patient Office or Other Outpatient, Visit Typically 25 minutes." However, Dr. Fry never saw Ms. Cohen in person. Rather, Ms. Cohen spoke on the telephone with Dr. Fry for no more than five minutes.

28. Defendants simply did not provide the services for which they billed Medicare, and therefore submitted facially false claims to the Government.

29. Defendants were well aware they were billing for service not provided. For example, Ms. Cohen did not even live in Connecticut, but lived many hours away in another state, and never traveled to Defendants office.

30. Defendants, by knowingly submitting false claims to the Government, violated the False Claims Act.

## I.

### Violations of the Federal False Claims Act
### (31 U.S.C. § 3729 (a)(1)(A))
### Presenting False Claims for Payment

31. The United States incorporates by reference the preceding paragraphs as if fully set forth herein.

32. The United States seeks relief against Defendants under Section 3729(a)(1)(A) of the False Claims Act, 31 U.S.C. § 3729(a)(1)(A).

33. Defendants knowingly presented, or caused to be presented, false or fraudulent claims for payment or approval in connection with the submission of their requests for reimbursement under the Medicare program.

34. Defendants caused the United States to reimburse Medicare funds under the Medicare program because of their fraudulent conduct.

35. By reason of Defendants' false claims, the United States has been damaged in a substantial amount to be determined at trial.

## II.

### Violations of the Federal False Claims Act
### (31 U.S.C. § 3729 (a)(1)(B))
### Use of False Statements

36.     The United States incorporates by reference the preceding paragraphs as if fully set forth herein.

37.     The United States seeks relief against Defendants under Section § 3729(a)(2) of the False Claims Act, 31 U.S.C. 3729(a)(1)(B).

38.     Defendants knowingly made, used, or caused to be made or used, false records or statements material to false and fraudulent claims, in connection with the submission of its requests for reimbursement under the Medicare program.

39.     Defendants caused the United States to reimburse Medicare funds under the Medicare program because of their fraudulent conduct.

40.     By reason of Defendants' false claims, the United States has been damaged in a substantial amount to be determined at trial.

WHEREFORE, Plaintiffs, the United States *ex rel.* Medical Bill Consultants, LLC and Jodie Cohen requests that judgment be entered in their favor and against Defendants as follows:

(a)     For treble the United States' damages, in an amount to be determined at trial, and an $11,000 penalty for each false claim presented;

(b)     Awarding Medical Bill Consultants, LLC and Jodie Cohen their relator's shares pursuant to 31 U.S.C. § 3730(d);

(g)     Awarding such further relief as is proper.

**JURY TRIAL IS DEMANDED**

Dated: New York, New York
October 14, 2014

                    LAW OFFICES OF ANDREW O'TOOLE LLC

                    /s/ Andrew D. O'Toole

                    Andrew D. O'Toole (ct-20015)
100 Pearl Street, 14th Floor
Hartford, CT 06103
Tel.: 860 519 5805
Fax: 860 519 5813
aotoole@aotlaw.com

-and-

SADOWSKI FISCHER PLLC
Raphael Katz (*pro hac vice* motion pending)
39 Broadway, Suite 1540
New York, New York, 10006
Tel.: 212 913 9678
Fax: 646 502 5357
Rkatz@sflawgroup.com

*ATTORNEYS FOR RELATORS*

TO:

United States Attorney for the
District of New Connecticut

Attorney General
Civil Division
United States Department of Justice
Commercial Litigation Branch
Room 9002
601 D Street NW
Washington, DC 20004

9